UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quetta Delorse Conyers, | ) | C/A No.: 0:12-1434-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon motion of the plaintiff's counsel, Beatrice E. Whitten, for attorney fees (ECF No. 20) under the Social Security Act, 42 U.S.C. § 406(b). Counsel has submitted copies of the Notice of Award from the Commissioner and the signed Fee Agreement of the plaintiff. The Commissioner has responded to the motion indicating that the Commissioner is not a party to § 406(b) fee awards and generally takes no position on such petitions. The Commissioner suggests that the court ensure that plaintiff's attorney does not receive a windfall.

Plaintiff's counsel petitions the court for approval of a court-related fee in the amount $18,065 pursuant to the terms of a written contingent-fee agreement with the plaintiff. That contingent-fee agreement provides, in pertinent part, for the payment of attorney fees in the amount of 25% of all past-due benefits recovered.

In the United States Supreme Court case of *Gisbrecht v. Barnhart*, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act limiting attorney fees to

1

25% of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling, and instructs courts to review for reasonableness fees yielded by such agreements.

Upon review of the material submitted to the court, the undersigned finds that plaintiff counsel's request for attorney fees is reasonable. Indeed, plaintiff's counsel has represented the plaintiff for approximately six years including three administrative hearings and time spent before this court. Counsel successfully obtained a large award of back benefits as well as ongoing benefits.

Therefore, it is ordered that the Commissioner pay reasonable attorney fees totaling $18,065 to be drawn out of the 25% amount withheld from the plaintiff's past-due benefits. As this court has already awarded attorney fees to Ms. Whitten under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) in the amount of $1,389, plaintiff's counsel must refund that amount ($1,389) to the plaintiff. *See Gisbrecht* at 796.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 7, 2014
Columbia, South Carolina